## Pennsylvania Canal Company, Plff. in Err., *v.* Townships of Shirley and Union.

A contract entered into by the supervisors of a township, with a canal company, for the use of the tow path of the canal as a public road, the contract being made by decree of court, is *ultra vires*, against public policy, and void.

(Decided October 4, 1886.)

Error to the Common Pleas of Huntingdon County to review

a judgment on a verdict for defendant in an action of debt. Affirmed.

The following facts appeared on the trial before FURST, P. J.:

Viewers appointed by court reported that they laid out a public road along and upon the tow path of the plaintiff's canal. The report was confirmed nisi. Exceptions were filed and argued.

Plaintiff offered to prove that, on the hearing of the argument upon the report of the viewers laying out a public road on the towing path of the canal, and the exception of the canal company, the court continued the case until the following court of quarter sessions, stating that in the meantime it would expect the canal company and the two townships to make an agreement for the use of the towing path, and if the agreement was not made, it would give the townships a road over the end of the mountain. Acting upon that suggestion the petition of 103 citizens of the two townships was presented to the court, asking for authority to make an agreement for five years, and pay $100 per annum. The court thereupon made a decree giving the authority, and afterwards the contract was made and executed, the contract reciting the decree of the court.

Plaintiff proposed to follow the offer with proof: That this decree was made by the court, and certified copies given to the supervisors of the two townships. That after two thirds of the citizens of Union township requested the supervisors to execute the contract, it was executed by the supervisors of both townships. That they have had the use of the towing path ever since, and have paid the sum of $100 for one year. That the contract having been fully executed, nothing remains to be done but the payment of the annual sum of $100.

The contract to follow the offer as above.

By the Court: We are of opinion that the decree of the court of May 23, 1879, did not empower the defendants to make the contract. The contract is contrary to the policy of the law and in violation of the method, and only method, in which public roads may be laid out and opened by authority of law under the general road laws of this commonwealth. Said contract is *ultra vires* and therefore not binding on the several townships, defendants. For these reasons we reject the offer of evidence.

First, second and third assignments of error.

*Wm. Dorris* and *John D. Dorris,* for plaintiff in error.—The decisions and *dicta* upon the subject of *ultra vires* are very conflicting, and some absolutely irreconcilable, while the principle itself is become, if not an excrescence upon, at least a very disturbing element in, the legal system. Green's Brice, Ultra Vires, Preface, xi.

The doctrine is applied only for the purpose of compelling corporations to be honest in the simplest and commonest sense of honesty. Bradley v. Ballard, 55 Ill. 417, 8 Am. Rep. 656.

By the act of April 15, 1834, § 3, the several townships are made bodies corporate. They are enabled to take and hold real estate within their respective limits, and also personal property for the benefit of the inhabitants, for such objects and purposes and to make such contracts as may be necessary and proper for the execution of the same objects and purposes. Dean v. New Milford Twp. 5 Watts & S. 546.

The court had the power to confirm the report of the viewers. In the exercise of the right of eminent domain the franchise of the canal company could have been taken. West River Bridge Co. v. Dix,' 6 How. 507, 12 L. ed. 535; Mills v. St. Clair County, 8 How. 569, 12 L. ed. 1201.

A franchise may be condemned in the same manner as individual property. Richmond, F. & P. R. Co. v. Louisa R. Co. 13 How. 71, 14 L. ed. 55.

If the county jail should be burned, or rendered uninhabitable by infectious disease, or other cause, and the commissioners, acting in good faith, should hire prisoners kept in some other suitable place, can it be doubted that the county would be liable for the debt thus incurred ? Allegheny County v. Western Pennsylvania Hospital, 48 Pa. 126.

Where a contract has been fully performed, either by the corporation or the other party, the one who has received the benefit will not be permitted to resist its enforcement by the plea of mere want of power. Oil Creek & A. River R. Co. v. Pennsylvania Transp. Co. 83 Pa. 166; Wright v. Pipe Line Co. 101 Pa. 207, 47 Am. Rep. 701; Com. v. Philadelphia County, 2 Serg. & R. 193; Vankirk v. Clark, 16 Serg. & R. 290; Cooper v. Lampeter Twp. 8 Watts, 125; Dauphin County v. Bridenhart, 16 Pa. 458; Watts's Appeal, 78 Pa. 391; Whitney Arms Co. v. Barlow, 63 N. Y. 62, 20 Am. Rep. 504; Bigelow, Estoppel, p. 466, citing Ward v. Johnson, 95 Ill. 215, 218; Darst v.

Gale, 83 Ill. 141; Ohio & M. R. Co. v. McCarthy, 96 U. S. 267, 24 L. ed. 696; San Antonio v. Mehaffy, 96 U. S. 312, 24 L. ed. 816; Hitchcock v. Galveston, 96 U. S. 351, 24 L. ed. 662. See also Bradley v. Ballard, 55 Ill. 417, 8 Am. Rep. 656; Parish v. Wheeler, 22 N. Y. 494; Green's Brice, Ultra Vires, 2d ed. p. 729.

This rule prevails as to public or municipal corporations. Thompson v. Lambert, 44 Iowa, 239; 1 Dill. Mun. Corp. § 10, p. 97; San Francisco Gas Co. v. San Francisco, 9 Cal. 453; Oakland Twp. v. Martin, 104 Pa. 305.

When there is a *de facto* corporation, and the state does not interfere, its corporate existence and its ability to contract cannot be questioned in a suit brought upon an evidence of a debt given to it. Douglas County v. Bolles, 94 U. S. 104, 24 L. ed. 46; Spahr v. Farmers' Bank, 94 Pa. 434; Oil Creek & A. River R. Co. v. Pennsylvania Transp. Co. 83 Pa. 166; Parish v. Wheeler, 22 N. Y. 503.

An agreement originally *ultra vires* cannot be impeached after a considerable time. Smallcombe's Case, L. R. 3 Eq. 769; 1 Addison, Contr. § 124.

The law never sustains a defense of this nature out of regard for a defendant. Wright v. Pipe Line Co. 101 Pa. 207, 47 Am. Rep. 701. See also Farnham v. Delaware & H. Canal Co. 61 Pa. 271; Freeland v. Pennsylvania Cent. Ins. Co. 94 Pa. 504; Bentley v. Lamb, 17 W. N. C. 412.

*Brown, Bailey & Brown* and *Speer & McMurtrie,* for defendants in error.—By the act of 1834 (2 Purdon's Digest, 1401), the supervisors of each township elected or appointed in pursuance of this act shall perform all the duties imposed by law on the supervisors of the public roads and highways.

By the act of 1836 (2 Purdon's Digest, 1278), public roads or highways laid out, approved, and entered on record as aforesaid shall . . . be effectually opened and constantly kept in repair.

By the act of 1834 (2 Purdon's Digest, 1366), supervisors may lay a tax for "laying out, opening, making, amending, or repairing of roads and highways, and for the making and repairing of bridges, and for such other purposes as may be authorized by law."

But before issuing the duplicate and warrant for their col-

lection, they shall give "notice to all persons, rated for such taxes, by advertisements or otherwise, to attend at such times and places as such supervisors may direct, so as to give such persons full opportunity to work out their respective taxes."

The opportunity to work out the taxes is a condition precedent to collection by legal process.    Miller v. Gorman, 38 Pa. 309.

Under this contract, the $100 was to be paid annually in money.    There was, and there could be, no opportunity to work out this tax.

Without an order of the quarter sessions, supervisors have no more authority to open a new road, or correct errors in the opening of an old one, than have their fellow citizens.    Holden v. Cole, 1 Pa. St. 303; Snow v. Deerfield Twp. 78 Pa. 181; Bergner v. Harrisburg, 1 Pearson (Pa.) 291; Addis v. Pittsburgh, 85 Pa. 379; Hague v. Philadelphia, 48 Pa. 527; School District v. Fuess, 98 Pa. 600, 42 Am. Rep. 627.

A quasi-municipal corporation has only the powers which are conferred by statute, and acts done by it in excess of such powers are void.    Wimer v. Worth Twp. 104 Pa. 317; Wolf v. Goddard, 9 Watts, 550.

A township is a quasi corporation.    Dill. Mun. Corp. § 10; Union Twp. v. Gibboney, 94 Pa. 534.

Even exercise of legislative power on such subject is doubtful. Mahanoy Twp. v. Comry, 103 Pa. 362.

A ratification can only be made when the party ratifying possesses the power to perform the act ratified.    Marsh v. Fulton County, 10 Wall. 676, 19 L. ed. 1040.

A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers, which are within the corporate powers, but not otherwise.    Dill. Mun. Corp. § 385.

Upon authorized contracts it is liable as a natural person; but upon contracts that are *ultra vires* there is no liability, and the corporation is not estopped to set up the defense.    Dill. Mun. Corp. § 749.

When the wing walls to a county bridge had been built by an unauthorized contract, the township was held not liable, although the public was enjoying the fruits of it.    Cooper v. Lampeter Twp. 8 Watts, 125; Pike County v. Rowland, 94 Pa. 238.

PER CURIAM:

The contract of the defendants which the plaintiff seeks to en-

force is clearly *ultra vires.* The act of assembly prescribes the manner in which public roads shall be laid out and become a charge on the townships in which they are located. The towing path of the plaintiff had not in law become a public highway. It remained the property of the canal company. The townships in which it is located had no power to enter into this agreement for the use of it as a public road. If the supervisors can legally bind the townships in this case, they can exercise the same power in regard to the use of every private road in the townships. It is wholly unlike the cases of supplying a temporary jail or place of holding court, on the destruction of the established buildings.

No statute gives to the officers of a township the power claimed, and it is clearly contrary to public policy to thus enlarge their powers by construction.

Judgment affirmed.