WILLEY et al. v. FIDELITY & CASUALTY CO.

(Circuit Court, W. D. Pennsylvania. January 16, 1897.)

INSURANCE—RENEWALS—PAYMENT OF PREMIUM—AGENTS GIVING CREDIT.

When an insurance company has forwarded to its agent a renewal receipt, and has charged him with the premium represented thereby,—such being their usual course of dealing,—and the agent has countersigned the receipt, and delivered it to the policy holder, the policy is continued in force, according to the terms of the receipt, though the premium is not in fact paid to the agent.

Sur Question of Law Reserved.

Knox & Reed, for plaintiffs.

Stone & Potter, for defendant.

ACHESON, Circuit Judge. The verdict of the jury, which is supported, I think, by ample evidence, establishes that it was the usual course of dealing between the defendant company and its general agent, Mr. Scott, for the company to charge Mr. Scott as its debtor with the premiums on policies of insurance, and on renewal receipts transmitted to him for delivery, and that in this particular instance the company, when it transmitted the renewal receipt of June 7, 1895, charged Mr. Scott as its debtor with the premium of $50 named in the receipt. The question of law reserved is whether, under these circumstances, the fact that the renewal premium was not actually paid by Mr. Getty constitutes a defense to this action.

In the case of Miller v. Insurance Co., 12 Wall. 285, 303, Mr. Justice Clifford, speaking for the supreme court of the United States, said:

"Where the policy is delivered without requiring payment, the presumption is, especially if it is a stock company, that a credit was intended; and the rule is well settled, where a credit is intended, that the policy is valid, though the premium was not paid at the time the policy was delivered; as where credit is given by the general agent, and the amount is charged to him by the company, the transaction is equivalent to payment."

The decisions of the supreme court of Pennsylvania are in harmony with this statement of the law. Thus, in Elkins v. Insurance Co., 113 Pa. St. 386, 394, 6 Atl. 224, after reciting that it appeared from the testimony of Crane, the agent of the insurance company, that he "had power, on receipt of a policy, to deliver it to the assured, or to his agent, and to collect the premiums," that "the company looked to Crane either for the return of the policy or for the premium"; that "upon delivery of the policy he was obligated to pay the premium as for his own debt"; and that he "kept an account with the company, in which he charged himself with the premiums as the policies were delivered, and took credit with any remittances he might make,"—the court said:

"In view of the course of business pursued by this company with Crane, and by this agent in the consummation of their contracts, we think the implication might fairly arise that any absolute requirement of the policy as to the actual prepayment of the premiums had been dispensed with, and that the obligation of the agent to pay the premium was, in effect, the payment of it by the assured."

To the like effect was the ruling in Insurance Co. v. Hoover, 113 Pa. St. 591, 595, 599, 8 Atl. 163. In Insurance Co. v. Carter (Pa. Sup.)

77 F.—61

11 Atl. 102, 106, where the course of business between the company and its agent was similar to that pursued here, the trial judge charged the jury that the actual payment of the premium to the company before a loss was dispensed with, and the obligation of the agent to pay the premium was, in effect, the payment of it by the insured, and this instruction was approved by the supreme court of Pennsylvania.

I am of the opinion that the renewal premium in this instance must be regarded as having, in effect, been paid, or that cash payment thereof was dispensed with by the defendant company. The case, I think, does not turn upon the question of the agent's power to waive any stipulation of the written contract. We have here the conjoint action of the defendant company and its general agent. The case falls exactly within the rule laid down in Miller v. Insurance Co., supra, and is covered by the decisions of the supreme court of Pennsylvania.

Upon the undisputed facts, the defendant company cannot justly refuse to pay this policy merely because the renewal premium was not actually paid by Mr. Getty to Mr. Scott. The company transmitted for delivery, from its office in the city of New York, to its duly-commissioned general agent, resident in the city of Pittsburgh, a renewal receipt, signed by its treasurer and secretary, "continuing in force" the accident policy it had issued to Mr. Getty for another year. The only conditions on the face of the receipt were that the statements and warranties in the original application were still true, and that nothing had occurred or existed to affect the risk, with an appended notice that the receipt was "not valid unless countersigned by the duly-commissioned agent of the company." The company, when it transmitted this receipt to its agent, Mr. Scott, charged him as its debtor with the premium, as it was accustomed, with the knowledge of Mr. Scott, to do. Mr. Scott, having countersigned the renewal receipt, brought it in a completed form to Mr. Getty's place of business in the city of Pittsburgh and delivered it to him before the original policy had expired. Unquestionably, under the evidence, by that delivery Mr. Scott became absolutely bound to the company for the payment of the premium. The understanding between Mr. Scott and Mr. Getty without doubt was that the latter should have a short credit. Mr. Scott, occasionally at least, had thus delivered policies and renewal receipts upon credit to persons in good financial standing. The sudden death of Mr. Getty by a casualty within the policy prevented the payment of the renewal premium to Mr. Scott. From the conduct of the company and its general agent, Mr. Getty had reasonable and just ground to infer that his policy was continued in force, and fair dealing forbids the company to assert the contrary.

Let judgment be entered in favor of the plaintiffs upon the verdict and reserved question of law.