[No. 13154.   Department One.   March 24, 1916.]

EDWIN CHAMBERS, *as Edwin Chambers Company,*
*Respondent,* v. INDEPENDENT ASPHALT PAVING
COMPANY, *Appellant.*[1]

EVIDENCE—DECLARATIONS—THIRD PERSONS—ADMISSIBILITY. In an action by a dealer for the price of automobile tires sold, evidence of a conversation between representatives of the tire company, had when the plaintiff was not present and of which plaintiff had no knowledge, is inadmissible to prove that defendant bought the tires direct from the tire company.

SAME. In an action by a dealer for the price of automobile tires sold, evidence of a settlement between defendant and the tire company covering tires sold to defendant by the company is inadmissible.

PRINCIPAL AND AGENT—FACT OF AGENCY—EVIDENCE—ADMISSIBILITY. In an action by a dealer for the price of automobile tires sold, claimed by defendant to have been furnished under a contract with the tire company, it is not prejudicial error to strike the statement of a witness that plaintiff was "agent" of the tire company, where it

[1]Reported in 156 Pac. 14.

was not shown that he was such agent for the purpose of carrying out the tire company's contract.

SAME—FACT OF AGENCY—ACTIONS BY AGENT.  A dealer, having an agency for automobile tires to be sold generally at certain prices and to defendant at a discount, may maintain an action in his own name for the price of tires purchased from the company and paid for by him and sold to the defendant, it not appearing that he was the agent of the company for any other purpose.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 16, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*A. R. Titlow,* for appellant.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for respondent.

MOUNT, J.—This action was brought to recover from the defendant $1,084.76, alleged to be due the plaintiff on account of solid United States automobile tires alleged to have been sold to the defendant between May 16, 1913, and August 4, of that year.

The answer of the defendant denied that the plaintiff sold the automobile tires to the defendant, and alleged that all tires used by the defendant purchased after February 1, 1913, were purchased directly from the United States, Tire Company with headquarters at Seattle; that, during the year 1913, it had a contract with the United States Tire Company to furnish solid tires at dealer's prices, less ten per cent, and less five per cent for cash; that the contract was entered into upon the consideration that the defendant would cease using Goodrich tires and use United States tires as rapidly as Goodrich tires then in use by the defendant were worn out, and that the United States Tire Company agreed to replace said tires and change the rims of the wheels and bear all the expense of such change; that the defendant, at that time, was using four trucks in

the city of Tacoma; that all the tires purchased by the defendant were paid for directly to the United States Tire Company.

The answer further alleges that the United States Tire Company agreed to guarantee each tire to a service of ten thousand miles' use, and to replace any tire that did not give this use, on a mileage basis, on the purchasing of a new tire; that the defendant has paid for all tires purchased, including the tires received from the plaintiff.

For a reply, the plaintiff denied all new matter set up in the answer. Upon these issues the case was tried to the court without a jury, and at the conclusion of the evidence, findings were made and a judgment was entered in favor of the plaintiff for $1,025.90. The defendant has appealed from that judgment.

Upon the trial of the case, the plaintiff testified that he had furnished certain tires, item by item; that he had sold these tires to the defendant at a discount of ten per cent from consumers' prices, upon a ten-thousand-mile guarantee; that he had paid the United States Tire Company therefor; but that the defendant had refused to pay the plaintiff. He also testified that he purchased the tires from the United States Tire Company under a contract with that company that all tires were guaranteed upon a mileage basis; that, at the time he entered into the contract with the United States Tire Company to handle the tires of that company, he was told that an agreement had been made by which he was to furnish the defendant tires at a ten per cent reduction from the consumers' price. He was also informed that he was to divide the cost with the United States Tire Company of the change of rims necessary to accommodate the United States Tire Company's tires to the automobiles owned by the defendant.

The contention of the defendant was as outlined in the answer, to the effect that the plaintiff was a stranger to the contract between the defendant and the United States

Tire Company; but that the defendant was instructed that, when it wanted a tire, it could obtain the same either from Mr. Chambers or from the Seattle office. It was admitted that defendant obtained a number of tires from Mr. Chambers, and it was admitted that defendant had not paid Mr. Chambers therefor. The defendant sought to show that Mr. Chambers was informed of all the terms of the contract between the defendant and the United States Tire Company, and that the tires furnished by Mr. Chambers were furnished for and on behalf of the United States Tire Company.

At the trial of the case, one Mr. Baisden was called as a witness on behalf of the defendant. The defendant offered to show by this witness "that Mr. Stevens, who made the contract representing the U. S. Tire Company, gave him full instructions to carry into execution as to prices and delivery, and that it was carried out." This offer was denied by the trial court, and is one of the errors assigned by the appellant. This offer was to show a conversation between Mr. Stevens, who represented the United States Tire Company, and Mr. Baisden, who also represented that company and who succeeded Mr. Stevens, that Mr. Stevens gave Mr. Baisden full instructions to carry into execution the contract concerning prices and delivery. We think this evidence was incompetent for the reason that Mr. Chambers was not present at that conversation, took no part therein, and it is apparently not claimed that Mr. Chambers knew of the conversation. It is apparent that, unless Mr. Chambers was constituted the agent of the United States Tire Company to deliver tires to the defendant upon account of the United States Tire Company, or unless he was a party to the contract, he would not be bound by any conversation between third parties.

The defendant also offered to show by the same witness that this witness, representing the United States Tire Company, made a settlement with the defendant for tires that

were sold prior to September, 1913; and also afterwards covering all sales of United States tires made to the defendant. This evidence was also excluded and, we think, properly, because whatever settlement was made with the defendant by the United States Tire Company, would not bind this plaintiff for tires which the plaintiff had bought from the tire company and which were sold by the plaintiff to the defendant.

The same witness was asked to state what relation Mr. Chambers bore to the United States Tire Company. He answered, "Agent." This evidence was stricken out upon motion of the defendant, and is alleged as error. It was admitted by Mr. Chambers that he had the right to sell United States tires in Tacoma, and to that extent he represented the tire company. There was no offer to show that Mr. Chambers was the agent of the United States Tire Company for the purpose of carrying out a contract which the United States Tire Company may have had with the defendant. We think, therefore, that this was not prejudicial error.

A number of errors are assigned to the effect that the court erred in making findings in favor of the plaintiff, and in refusing to make findings requested by the defendant. It is unnecessary to discuss these in detail, because a careful reading of the record convinces us that the tires alleged by the plaintiff to have been furnished to the defendant were furnished, and were paid for by the plaintiff to the United States Tire Company, and were not paid for by the defendant, either to the United States Tire Company or to the plaintiff, from whom the tires were obtained.

One of the questions in the case was whether the tires which were furnished were to be furnished to the defendant at consumers' prices, less ten per cent, or at factory prices, less ten per cent. There appears to be considerable difference between these two prices. The trial court was of the opinion that the price at which Mr. Chambers was to furnish tires to the defendant was consumers' prices, less ten per

cent.   We are satisfied that this is in accordance with the preponderance of the evidence.

The appellant further contends that the plaintiff was not authorized to maintain this action, because he was simply an agent, and that the action should have been maintained by the principal.   If we were to assume that the plaintiff was simply an agent for the purpose of carrying out a contract of his principal, this rule might apply.   But we think the evidence fails to show that the plaintiff in this case was such agent.   While it is conceded that he was an agent of the United States Tire Company, so far as the sale of their tires was concerned, in the city of Tacoma, that agency extended only to the right to purchase and sell such tires.   To be sure, the plaintiff knew there was an agreement between the defendant and the United States Tire Company that the defendant should be entitled to purchase tires at a discount. This applied not only to Mr. Chambers, who was a dealer in Tacoma, but to other dealers who were handling United States tires at other places in the state.   The tires which were furnished by Mr. Chambers were tires which were purchased by him from the United States Tire Company under an agreement to sell them generally at certain prices, and to the defendant at a discount of ten per cent upon the consumers' price.   The record fails to show that he was an agent for other purposes.   And we think it is conclusively shown that the tires which Mr. Chambers furnished to the defendant were furnished upon that basis, and were not paid for by the defendant.   He was therefore clearly entitled to a judgment for the price of the tires.

We find no reversible error in the record.   The judgment is therefore affirmed.

MORRIS, C. J., CHADWICK, FULLERTON, and ELLIS, JJ., concur.