[Civ. No. 1408.   Third Appellate District.—January 23, 1917.]

# B. LAUER, Respondent, v. C. O. WILLIAMS et al., Appellants.

FORECLOSURE OF MORTGAGE—PARTY PLAINTIFF—TRUSTEE OF EXPRESS TRUST.—Under section 369 of the Code of Civil Procedure, providing that a person with whom, or in whose name, a contract is made for the benefit of another is a trustee of an express trust within the meaning of the section authorizing such a trustee to sue alone without joining with him such other person, a cashier of a bank, who takes a note and mortgage in his own name for the bank's benefit, may foreclose the mortgage without joining the bank with him as a party plaintiff.

APPEAL from a judgment of the Superior Court of Modoc County.   C. A. Raker, Judge.

The facts are stated in the opinion of the court.

A. F. Shartel, and J. T. Sharp, for Appellant.

Jamison & Wylie, for Respondent.

HART, J.—This is an action for the foreclosure of a mortgage executed by the defendant, C. O. Williams, to the plaintiff, to secure the payment of a promissory note made and delivered to the plaintiff by said Williams.

The defendant, Harter, although duly served with process, did not answer the complaint or otherwise make an appearance.

The findings were in favor of the plaintiff.   As to the defendant, Harter, the court found that he had, subsequently to the execution of the mortgage, purchased the premises described therein and in the complaint, and that the "claim and interest of the said J. P. Harter in and to the said real estate, and each and every part thereof, are subsequent and subject to the lien of plaintiff's said mortgage."

By the decree entered upon the findings the mortgage was foreclosed and a sale of the mortgaged premises by the sheriff for the purpose of satisfying the amount due on the note to secure which it was given was ordered and directed.

This appeal is by the defendant, Williams, from said decree or judgment, and is supported by a bill of exceptions.

The appellant contends: 1. That the plaintiff cannot main-. tain this action for the alleged reason that he is not the real. party in interest in the subject matter thereof; 2. That the findings are not sustained by the proofs—that is to say, that while the execution of the note and the mortgage as alleged in the complaint is admitted,' it is the contention that the evidence discloses that, prior to the commencement of this action, the appellant paid the principal of and interest accruing on the note in full.

The note was executed in the sum of twelve thousand five hundred dollars, and the balance remaining due thereon, according to the complaint, and to satisfy which foreclosure of the mortgage was sought, is the sum of $3,085.77.

The note and the mortgage were executed and delivered to the plaintiff on the twenty-third day of January, 1909. Contemporaneously with said transaction and as a part thereof, the plaintiff and Williams signed and executed a writing in which it was set forth that the note and the mortgage were given ''as collateral security to secure to said mortgagee the payment by said mortgagor of certain promissory notes of the said mortgagor, of dates and amounts as follows'': following which are the dates and amounts, and in which it is further stated and stipulated ''that said foregoing note (referring to the note in suit) and this mortgage shall be considered original security for any further advances of cash or merchandise made by said mortgagee to said mortgagor to the amount of the difference between the aggregate amount due upon the above enumerated notes and the amount of the foregoing note (note in suit), secured by this mortgage.''

The note to secure which the mortgage involved here was given provided for interest at the rate of ten per cent per annum, and was made payable on or before the fifteenth day of October, 1909, or approximately nine months from its date. The note was, by indorsement on the back thereof, transferred and made payable by the plaintiff to the Bank of Modoc County.

At the time of the transaction above referred to, Lauer, the plaintiff, was the cashier of the Bank of Modoc County. He was at the same time also a member of the firm of E. Lauer & Sons, doing business as general merchants at Alturas, Modoc County. The Bank of Modoc County carried on its bank-

ing business in a room of the building in which the store of
E. Lauer & Sons was located.

The defendant, Williams, was engaged in the business of
raising sheep in Modoc County. He bought his supplies or
merchandise from the firm of E. Lauer & Sons. It will be
observed that, according to the written agreement between
Lauer and Williams, above adverted to, the note was to cover
advances by the mortgagee to the mortgagor made either in
cash or merchandise.

Lauer testified that, notwithstanding that he was the named
and ostensible payee of the note, as a matter of fact, in the
transaction in which the note and the mortgage were made,
he was acting only as an agent for the bank and not for him-
self, individually.

Williams, from time to time, made payments to Lauer until
the early part of 1912, when the plaintiff received informa-
tion that Williams had conveyed by deed the mortgaged lands
to the defendant, Harter. The plaintiff thereupon called
upon Williams for a settlement and, on the first day of April,
1912, the two men came together and agreed upon a settle-
ment. This agreement was reduced to writing, was signed
by Lauer and Williams, and was dated the first day of April,
1912. By said agreement, it was stipulated and agreed that
a settlement had been effected with respect to the indebted-
ness evidenced by the note here in question, and that there was
then due and unpaid upon said note and payable to the Bank
of Modoc County the sum of $3,085.77. It appears that after
the above settlement was made, and about the twenty-third
day of July, 1912, the Bank of Modoc County went into
liquidation and the assets thereof taken possession of by the
state superintendent of banks. The note and mortgage in-
volved herein were among the assets so taken over. "After
the depositors of the Bank of Modoc County were paid off,
which was done by E. Lauer & Sons," testified the plaintiff,
"these assets and this note and mortgage were turned back
and indorsed over to me in lieu of the bond which was given
by the United States Fidelity and Guarantee Company for
the entire assets of the Bank of Modoc County, which were in
the neighborhood of eighty-five thousand dollars, this bond
being given to protect Mr. W. R. Williams (the superintend-
ent of banks) against any depositors, known or unknown, that
were not on the ledger of the bank. . . . We paid some

twenty-eight thousand and some odd dollars, besides the bond, as a consideration for the assets of the bank. This was paid to the depositors of the Bank of Modoc County.''

Williams testified that the settlement referred to above was effected and agreed to between the plaintiff and himself, but said that it was incorrect and did not accord with the actual figures and facts. He declared that he so told the plaintiff at the time of the settlement, but that finally he was forced into an agreement to the settlement by the threats of the plaintiff that, unless he did so, foreclosure proceedings would at once be instituted against him. He further testified that, prior to the settlement, he at various times paid to the plaintiff certain sums of money, aggregating in amount over fifteen thousand dollars, more than enough, he said, to extinguish that obligation. He enumerated the payments, giving the dates and the amounts. He testified that he supposed the moneys so paid would be credited on the note, but did not say that he gave the plaintiff specific directions, either before or at the times of such payments, that they should be applied to the extinction of the note. He admitted having bought merchandise during the existence of the note at the store of E. Lauer & Sons.

In rebuttal, the plaintiff testified that some of the payments made by Williams were credited on the store account with E. Lauer & Sons for goods and merchandise and that some were credited on the notes. He said that the books of the bank were then in the possession of the state superintendent of banks and that he was, therefore, unable to say what proportion of said payments was credited to the note. Nor did he appear to be able to say what proportion was credited on the store account. There appear to have been no steps taken or effort made by the defendant to get either the bank or store books of account before the court.

We have now briefly stated the testimony submitted by the parties on the issues before the court. The statement is itself sufficient to demonstrate that neither of the legal propositions upon which the defendant relies for a reversal can be sustained.

1. The plaintiff was the proper party to bring and maintain this action. While it is true that he was, in the transaction culminating in the execution and delivery to him of the note and mortgage, acting solely as a representative or

agent of the Bank of Modoc County, and that the latter was the party beneficially interested therein, yet the note and the mortgage were made to him and in his own name, and he was the holder of the legal title to the same as a trustee for the bank. Nor was it necessary that the bank should have been joined as party plaintiff to the suit. (Code Civ. Proc., sec. 369.) Said section provides: "An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

In *Walker* v. *McCusker*, 71 Cal. 594, 595, [12 Pac. 723], the action was brought to recover possession of property sold under a decree foreclosing a mortgage thereon, the plaintiff having purchased the property for the mortgagee, a bank. The claim was, as here, that the plaintiff was not the real party in interest and, therefore, could not maintain the action. The court said that, while it was true that no facts were stated in the complaint showing the plaintiff to be a trustee of an express trust, the complaint was, nevertheless, sufficient and the action properly brought. "A trustee of an express trust," continued the court, "is a person with whom, or in whose name, a contract is made for the benefit of another, and is authorized to sue without joining with him the persons for whose benefit the action is prosecuted. (Code Civ. Proc., sec. 369.) The plaintiff bid in the property, and received the certificate of sale and sheriff's deed in his own name, and thereby became the purchaser. As between him and the bank, he was the trustee of an express trust, but that fact did not concern the defendant. As to her, he was the real party in interest, and might sue without alleging or proving his trusteeship." (See *Corcoran* v. *Doll*, 32 Cal. 82, 90; *Walsh* v. *Soule*, 66 Cal. 443, [6 Pac. 82]; *Lewis* v. *Adams;* 70 Cal. 403, [59 Am. Rep. 423, 11 Pac. 833]; *Giselman* v. *Starr*, 106 Cal. 651, [40 Pac. 8]; *Hoagland* v. *Trask*, 48 N. Y. 686.)

2. The evidence amply supports the findings. It is wholly unnecessary to recapitulate it here. It may be observed, however, that even if it be true, as the defendant Williams testified, that the payments he made to the plaintiff totaled a sum

equal to the principal and interest of the note, it is also true that he did not show that he was not indebted to E. Lauer & Sons for merchandise, or that some of the moneys so paid were not applied to the payment of his merchandise account. Nor did he show that he directed or by any means manifested a desire to Lauer that the moneys so paid should be applied exclusively to the payment of the note (Civ. Code, sec. 1479; *Ray* v. *Borgfeldt*, 169 Cal. 253, [146 Pac. 679]); and, while he asseverated that the settlement had on the first day of April, 1912, whereby it was agreed between him and Lauer that there was then still due and unpaid on the note the sum of $3,085.77, was wholly and entirely incorrect, and that, as a matter of fact, he had at that time paid the principal and interest of the note in full, still he signally failed to show, other than by his mere naked asseverations, that the amount then agreed upon as being due was not the correct amount, or that he was not still indebted upon the note in the sum arrived at and agreed to in said settlement.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 23, 1917.