[Civ. No. 5469. Second Appellate District, Division Two.—September 10, 1929.]

N. E. McINTYRE, Respondent, v. HENRI HICKS et al., Defendants; MOX, INCORPORATED (a Corporation), Appellant.

Samuel H. French and F. H. Snyder for Appellant.

Arthur Crum for Respondent.

BURNELL, J., *pro tem.*—This action was brought by the owner of a newspaper route to recover for advertising space in the "Los Angeles Times," claimed to have been purchased from him by the defendants. From a judgment for plaintiff one of the defendants, Mox, Incorporated, has taken this appeal.

There is no dispute as to the fact of publication of the advertisements or as to the amount of the bill therefor, but appellant contends that respondent was not an independent contractor, but a mere agent for "The Times," and hence that not he but the publisher of the newspaper was the real party in interest and, under the provisions of section 367 of the Code of Civil Procedure, the only party capable of instituting and maintaining the action. Appellant further argues a lack of evidence to support the finding that it ordered or agreed to pay for the advertisements.

As to the first of these points, it appears without contradiction that respondent owned a "Times" route or, as it is referred to in the written contract between himself and the Times-Mirror Company, publishers of that newspaper, a "carrier service district or agency of the Los Angeles Times." This contract is silent upon the question of advertising, the agreement as to the handling of that part of the business being oral and as follows, according to the testimony of Mr. Denning, assistant credit manager and chief clerk of the Times-Mirror Company: The purchaser

and owner of such a route is to solicit advertising "at will," the "Times" charging all such advertising to the account of the route owner, who receives a percentage commission thereon. The route owner "is his own solicitor and his own credit man," with no right to extend credit on behalf of the newspaper. If the advertiser fails to pay, the loss is his, not that of the "Times," which knows "no one connected with the advertising except the agent himself." This, then, was the relationship with respect to advertising which existed between the respondent and the "Times." His was the responsibility for payment; to him alone was the credit extended.

"An independent contractor is one who, in rendering services, exercises an independent employment or occupation, and represents his employer only as to the results of his work, and not as to the means whereby it is to be accomplished." (*Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337, 339].) Whether or not respondent falls within this definition it is unnecessary for us to decide, since it is obvious that he is "the real party in interest" and as such capable of maintaining the action in his own name as plaintiff. Even if we are to adopt appellant's theory that McIntyre was merely an agent of the "Times" and the advertising was received by him for the benefit of that newspaper, we are brought squarely within the purview of section 369 of the Code of Civil Procedure, which declares that a trustee of an express trust "may sue without joining with him the persons for whose benefit the action is prosecuted" and adds the definition: "A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section." Thus in *Tandy* v. *Waesch,* 154 Cal. 108 [97 Pac. 69, 70], the plaintiff had entered into a contract for the purchase of land in his own name but for the benefit of a third party. In an action instituted by him in his own name it was contended that not he but said third party was the real party in interest. Holding adversely to this contention the Supreme Court said: "Tandy, however, was a proper party plaintiff. To the general rule laid down in section 367 of the Code of Civil Procedure that every action must be prosecuted in the name of the real party in interest, there are certain exceptions specified in section 369 of the Code of Civil Pro-

cedure. That section authorizes the trustee of an express trust to sue without joining the beneficiary and declares that a person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section. The contract having been made in Tandy's name for the benefit of Garland, Tandy thus became the trustee of an express trust and entitled to maintain the action." Citing many California cases on this point.

In *Harris* v. *Clayton*, 186 Cal. 445 [199 Pac. 776, 778], the action was by the assignee of a salesman to recover for goods sold by him for his firm. Passing upon the contention that the agent had no right to assign the account in his own name and that the firm was the real party in interest, the court said: "We are satisfied under this state of the evidence that the plaintiff could maintain this action as the assignee of Conroy either on the theory that he was the real party in interest, or, if an agent, was acting with authority to carry and collect the account in his own name, and thereby became a trustee of an express trust within the meaning of section 369 of the Code of Civil Procedure." To the same effect are the decisions in *Lauer* v. *Williams*, 32 Cal. App. 590 [163 Pac. 687], where it was held that a cashier of a bank who has taken a note and mortgage in his own name but for the bank's benefit may foreclose the mortgage without joining the bank as a party plaintiff, and *Kelley-Clarke Co.* v. *Leslie*, 61 Cal. App. 559 [215 Pac. 699], where the plaintiff was agent for an undisclosed principal.

Both by reason of statutory enactments similar to section 369 of our Code of Civil Procedure and on well-known principles of law it has been almost universally held that an agent who is liable to his principal for the price of the thing sold may institute in his own name an action for the purchase price. A typical case is that of *Lamb* v. *Connor*, 84 Wash. 121 [146 Pac. 174], where the plaintiffs, agents for certain insurance companies, sued the insured for unpaid premiums on policies written by them. The court held the contention that the agents were not the real parties in interest untenable, saying: "It is quite generally held—in fact it seems to be held in all late cases—that an agent who, in discharge of his obligations to his principal,

pays the debt of the other contracting party to his principal, may be subrogated to the right of the principal to maintain an action. . . . The testimony shows that the insurance companies held respondents responsible for their payment of the premiums on all policies written by them." To the same effect are the decisions in the following cases: *Waters* v. *Wandless*, (Tex. Civ. App.) 35 S. W. 184, *Bang* v. *Farmville etc. Co.*, 2 Fed. Cas. (No. 838) 585; *Willey* v. *Fidelity & Cas. Co.*, 77 Fed. 961, *Gaysville Mfg. Co.* v. *Phoenix Mut. Fire Ins. Co.*, 67 N. H. 457 [36 Atl. 367], *Overholt* v. *Dietz*, 43 Or. 194 [72 Pac. 695], *Carruth* v. *Port Hudson Oil Developing Co.*, 159 La. 236 [105 South. 302], *Winter* v. *Lewis*, 132 Ark. 399 [200 S. W. 981], *King* v. *Farmer's Grain Co.*, 194 Iowa, 979 [188 N. W. 720], *Shirai* v. *Blum*, 239 N. Y. 172 [38 A. L. R. 603, 146 N. E. 194], and *Chambers* v. *Independent Asphalt Paving Co.*, 90 Wash. 380 [156 Pac. 14].

█ Respondent thus being a proper party plaintiff, it is immaterial whether or not the trial court was justified in finding that he was an independent contractor, since even if the finding had been otherwise a different conclusion would not have necessarily followed. (*Trout* v. *Ogilvie*, 41 Cal. App. 167 [182 Pac. 333].) Conceding for argument's sake, but not so deciding, that the finding was erroneous, it was at most a finding on an immaterial fact, and as such would of itself furnish no cause for reversal of the judgment. (*Faure* v. *Drollinger*, 60 Cal. App. 594 [213 Pac. 724]; *Dougherty* v. *Coffin*, 69 Cal. 454 [10 Pac. 672]; *Klockenbaum* v. *Pierson*, 22 Cal. 160.)

█ As to the second point urged by appellant, namely, the lack of evidence to support the finding that it had agreed to pay plaintiff for the advertising published, we think it is without merit. Appellant and a Miss Thomas, who was admittedly merely a dummy for one Hicks, had entered into a contract whereby appellant agreed to furnish all materials for the construction of houses on eight lots to be secured by Thomas (Hicks) from the Mercantile Investment Company. Hicks was to act "in the capacity of general manager, superintendent and designer," appellant was "to pay for all labor, *advertising* and other expenses connected therewith," and on the sale of the lots and houses the net receipts were to be divided between the contracting parties.

The advertisements in question were of the houses built pursuant to this contract. They were ordered from respondent by Hicks, at whose direction respondent charged them to appellant. Before the advertisements were published in the "Times" appellant, according to his testimony, submitted the copy to Mr. Mox, president of appellant corporation, and to Mr. Johnson, its secretary, and Mr. Mox said that he would pay for the advertisements and did, in fact, pay $486.80 on the bill. Respondent's stepson, a Mr. Shelton, at respondent's request, called Mox, Incorporated, on the telephone to verify the authority of Hicks to order the advertisements and charge them to appellant, and was told that "it was O. K. to run them." Hicks himself testified that he "took up the matter of inserting these advertisements in the Los Angeles Times with . . . Mox, Incorporated. Mox agreed to let me go ahead," and said he would pay for the advertising. While appellant's witnesses disputed some of this testimony, it was for the trial judge to determine the facts and we are satisfied that his findings are amply supported.

Appellant's claim that the allowance of interest on the amount found due was erroneous is untenable. The action was not for recovery of an uncertain or unliquidated amount, but was based upon an express agreement, and the court below found in accordance with this theory. Interest was properly allowed. (Civ. Code, sec. 3287; *Keyes* v. *Nims*, 43 Cal. App. 1, 15 [184 Pac. 695]; *Mix* v. *Miller*, 57 Cal. 356; *Sea* v. *Lorden*, 37 Cal. App. 444 [174 Pac. 85].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.