[Civ. No. 23627.   First Dist., Div. One.   Apr. 14, 1967.]

WALTER J. WARREN INSURANCE AGENCY, Plaintiff and Respondent, v. SURPUR TIMBER COMPANY et al., Defendants and Appellants.

Mathews & Traverse and Francis B. Mathews for Defendants and Appellants.

Frederick L. Hilger for Plaintiff and Respondent.

MOLINARI, P. J.—In this action brought by plaintiff against defendant for insurance premiums defendant appeals from the judgment awarding plaintiff $2,259 plus interest on that amount from August 17, 1960. Defendant's contentions are that plaintiff cannot recover judgment for premiums due on an account assigned to plaintiff after suit was commenced; that one of the trial court's findings is not supported by the evidence; and that the allegations in plaintiff's original verified complaint constitute admissions which are conclusive on plaintiff.

In its original complaint, which was filed on August 17, 1960, plaintiff set forth four causes of action against defend-

ant.[1] The first cause was upon an open book account for $609.37; the second upon an account stated in the sum of $609.37; the third upon *indebitatus assumpsit* in the sum of $1,650.22; and the fourth upon an account stated in the sum of $1,650.22. Based upon these four causes of action plaintiff prayed for judgment in the sums of $609.37 and $1,650.22. On June 29, 1961 plaintiff filed an amended complaint, the first two causes of action of which were identical to the first and second causes of action in the original complaint. In its third cause of action plaintiff alleged that defendant was indebted to the United States Fire Insurance Company in the amount of $657.48, this amount representing the balance of account for premiums due for insurance, and that United States Fire Insurance had assigned this account to plaintiff prior to the filing of the amended complaint. The fourth cause of action was upon an account stated in the sum of $1,266.85. Upon these four causes of action plaintiff prayed for judgment in the sum of $1,266.85.

Thereafter on July 3, 1961 plaintiff filed a second amended complaint. This complaint contained the identical first and second causes of action as the original and first amended complaint, except that the amount which plaintiff alleged as being due on open book account and account stated was $1,602.11. For a third cause of action plaintiff repeated the third cause of action of the first amended complaint, and as a fourth cause of action plaintiff alleged an account stated between plaintiff and defendant in the amount of $2,259.59. Based on these allegations plaintiff prayed for judgment in the amount of $2,259.59.

Following the filing of plaintiff's second amended complaint defendant filed its answer thereto in which it generally denied the allegations thereof. Thereafter a pretrial order was filed reflecting defendant's contention that, based upon the inconsistencies between the allegations of the second amended complaint and those of the original complaint, plaintiff was bound by the allegations of its original complaint, which statements constituted an admission, and plaintiff was thereby precluded from recovering on the second amended complaint.

[1]Actually plaintiff named as defendants Surpur Timber Company and Surpur Timber Company, Inc. However, it is apparent from the record that plaintiff did business only with Surpur Timber Company, a partnership. Accordingly, we refer throughout to defendant in the singular, this reference being to the only defendant involved in this action, namely, the partnership known as Surpur Timber Company.

The pretrial order reflected that plaintiff had moved for leave to file the second amended complaint in the form of a supplemental complaint so that it would appear that the assignment from United States Fire Insurance took effect at the time of the filing of the amended complaint. According to the pretrial order this matter was submitted to be ruled on by the trial court. The record does not reveal that this motion was ever ruled upon.

Following the trial, the trial court made findings of fact that within two years prior to the filing of the complaint plaintiff placed insurance for defendant; that defendant thereby became indebted to plaintiff for the premiums provided in these insurance policies; that the amount of such premiums is $2,259,* which amount is the total of several items reflected in the open book account regularly maintained by plaintiff in its business; that the total of these items in the amount of $2,259 was the object of an account stated in writing between plaintiff and defendant; and that the sums were due on or before the filing of the original complaint in this action on August 17, 1960. Based upon these findings and the conclusions of law that defendant is indebted to plaintiff for $2,259 upon an open book account and an account stated in writing, the trial court entered judgment.

Adverting to the record we note the following evidence: Walter J. Warren, a licensed insurance agent and broker and the operator of plaintiff insurance agency testified that defendant, through its principals, Clarence Vanderjack, Sr. and Clarence Vanderjack, Jr., requested plaintiff to place various insurance for defendant; that plaintiff procured such insurance and billed defendant for the premiums; that as of July 31, 1960 defendant owed plaintiff $2,259.59 for such premiums; and that this amount had not been paid by defendant. Plaintiff's accounts receivable sheets relating to defendant's account with plaintiff were introduced into evidence. They reveal that as of July 31, 1960 defendant was indebted to plaintiff in the amount of $2,259.59. Warren further testified that these records were part of the regular books maintained by plaintiff in the ordinary course of its business and that they were maintained under Warren's direction and control; that the entries on these sheets were

*This amount is obviously a typographical error and should be $2259.59, since the findings state that this sum is made up of the items in the sum of $1,602.11 and $657.48.

made at or about the time of the transactions they purport to reflect; that the charges and credits entered on these sheets represented the premiums on policies placed by plaintiff and cancellations or payments received, respectively; and that the $2,259.59 balance as of July 31, 1960 reflected the amount due plaintiff according to its records. Two summaries of defendant's account with plaintiff, one dated February 9, 1960 and the other May 21, 1960, were introduced into evidence, and Warren testified that these two documents had been sent to defendant. In addition, the individual invoices and credit memos representing the various items appearing on the accounts receivable sheets were introduced into evidence, and Warren testified that each of these invoices and credit slips were sent to defendant.

Warren also testified that as of August 17, 1960 plaintiff had advanced only $609.37 to the insurance companies for premiums due from defendant; that the remaining amount due from defendant was not paid by plaintiff to the insurers until after that date; and that plaintiff did not procure an assignment from United States Fire Insurance Company for the $657.48 due on insurance issued by it until 1961. However, Warren further testified that in the ordinary course of business the customer would pay the premium to plaintiff; and that plaintiff was required by the insurance company that issued the policy to pay the premium due for the policy even if the customer had not remitted the premium to plaintiff. The record discloses, further, that one of the insurance policies procured by plaintiff for defendant contained the language that the issuer of the policy was "required by underwriters to hold the assured, his agents and brokers responsible for earned premiums in all cases."

As we understand defendant's first contention, it relates to the fact that of the $2,259.59 recovery allowed plaintiff based on his second amended complaint, only $609.37 had actually been advanced by plaintiff at the time of the commencement of the action on August 17, 1960. As to the remaining $1,650.22, defendant argues that since this amount represents insurance premiums due to the insurers for which amount plaintiff did not procure an assignment from the insurers until after the commencement of the action, plaintiff is precluded from recovering this amount. Plaintiff, on the other hand, takes the position that because it was obligated to the insurers for the premiums due on policies issued to defendant,

it was entitled to bring this action for these premiums and to recover the entire amount of premiums due despite the fact that at the commencement of the action plaintiff had advanced only a portion of the premiums due and had not obtained an assignment from the insurers for the remainder.

It is well established that an agent who is liable to his principal for the price of the thing sold may institute in his own name an action for the purchase price. (*McIntyre* v. *Hicks,* 100 Cal.App. 531, 534 [280 P. 543]; *Robinson* v. *Travelers Indem. Co.,* 219 Cal.App.2d 617, 622-623 [33 Cal. Rptr. 301]; Code Civ. Proc., § 369; see Rest., Agency, § 364, comment d.) This principle has been applied in this state to an action brought by insurance brokers on account of premiums due on insurance policies. (*Nisbet* v. *Rhinehart,* 2 Cal.2d 477, 484 [42 P.2d 71].) In *Nisbet,* it was held that a broker may contract with an insurer for the payment of premiums by himself on insurance negotiated by him for the benefit of the insured and that the broker can recover the premiums from the insured in an action in his own name.

In the instant case the record discloses that plaintiff was an agent for the United States Fire Insurance Company and, as such, charged with the duty and responsibility of collecting premiums. An insurance agent is a person authorized by and on behalf of an insurer to transact insurance. (Ins. Code, § 31.) As to the other insurer involved in the present case, while plaintiff acted as a broker and therefore acted on behalf of defendant rather than the insurer (see Ins. Code, § 33), Warren testified that he was responsible to such insurer, by virtue of his arrangements with the insurer, for all earned premiums on coverages placed by said insurer for plaintiff. It should be here noted that an insurer is entitled, under section 480 of the Insurance Code, to payment of the premiums as soon as the subject matter insured is exposed to the peril insured against, but that, as held in *Nisbet,* a broker can contract with an insurance company as to the payment of premiums negotiated by him for the benefit of the insured. Moreover, an insurance broker is authorized by the Insurance Code to act as an insurance agent in collecting and transmitting premiums. (Ins. Code, § 1732.) Finally, it must be noted that all funds received by an insurance agent or broker as premiums are received and held by him in a fiduciary capacity (Ins. Code, §§ 1733 and 1734); that he acts as a

fiduciary both as to the insured and the insurer (see *People* v. *Hedderly*, 43 Cal.2d 476, 480 [274 P.2d 857]); and that a trustee of an express trust may sue in his own name without joining with him the person for whose benefit the action is prosecuted. (Code Civ. Proc., § 369; see *Lauer* v. *Williams*, 32 Cal.App. 590, 594 [163 P. 687]; *Earl Fruit Co.* v. *Herman*, 90 Cal.App. 640, 645 [266 P. 592].)

Upon the basis of the holdings in the foregoing cases and the provisions of the statutes cited, we conclude that in the instant case plaintiff was entitled to bring an action for and to recover premiums on insurance policies which it procured for defendant despite the fact that at the commencement of the action plaintiff had advanced only a portion of these premiums and as to the remainder had not received an assignment from the insurers. Our conclusion in this regard is based upon the evidence in this case to the effect that plaintiff was obligated to the respective insurers both as an agent or as a broker for the premiums due from defendant even though defendant had not remitted such premiums to plaintiff.

In any event, even assuming that at the commencement of the action plaintiff was only entitled to recover $609.37 and that the action was premature as to the remaining $1,650.22, the record reveals that by the time of trial plaintiff had perfected his cause of action as to the full $2,259.59 which was owing from defendant for premiums on insurance policies which plaintiff procured for defendant. Accordingly, this case calls for the application of the principle that "prematurity of action is merely ground for abatement and if the ground has ceased to exist before time of trial it cannot then or thereafter prevail." (*Edwards* v. *Container Kraft Carton etc. Co.*, 161 Cal.App.2d 752, 756 [327 P.2d 622]; *Radar* v. *Rogers*, 49 Cal.2d 243, 250 [317 P.2d 17]; *Moore* v. *Fellner*, 50 Cal.2d 330, 343 [325 P.2d 857]; *Kelley* v. *Upshaw*, 39 Cal.2d 179, 186-189 [246 P.2d 23]; *Bemmerly* v. *Woodward*, 124 Cal. 568, 574-575 [57 P. 561]; *Bollinger* v. *National Fire Ins. Co.*, 25 Cal.2d 399, 406 [154 P.2d 399].) Moreover, it is established in California that the defense of prematurity of action must be timely raised by the defendant and that if it is not so raised it is waived. (*Conservatorship of Oliver*, 203 Cal.App.2d 678, 686 [22 Cal.Rptr. 111]; *Bemmerly* v. *Woodward, supra*; *Bollinger* v. *National Fire Ins. Co., supra*.) As noted in the *Bemmerly* case, requiring the defendant to raise this defense timely protects the plaintiff, who can then initiate a new

action without being subject to the bar of the statute of limitations. ▆▆ In the instant case defendant did not raise this defense either by demurrer or answer. Rather it allowed the case to proceed to trial on the issues tendered by plaintiff's second amended complaint, which alleged that $1,602.11 was due on an open book account and account stated and $657.48 was due on an assigned claim from United States Fire Insurance Company. Only at the conclusion of the trial did defendant attempt to raise the prematurity issue by moving to strike exhibits 1, 2 and 3 on the ground that they were "in opposition to the expressed admission of . . . [plaintiff's] pleadings as to what the account stated allegedly was." Accordingly, since defendant did not raise the defense of prematurity prior to this time we conclude that it has waived this defense and that plaintiff is entitled to recover the full $2,259 as premiums due for insurance procured by plaintiff for defendant.

The second issue raised by defendant is that the trial court's finding that the account items were due before suit was filed on August 17, 1960 is not supported by the evidence. In response to this contention we note that the accounts receivable sheets which were introduced into evidence and the invoices and credits for the individual items on this account receivable statement clearly show that all of the items on the account relate to premiums for insurance procured by plaintiff prior to August 17, 1960 and that defendant was billed for all of these items prior to that date. If defendant's argument relates to his contention that these items were not due *to plaintiff* as of August 17, 1960, it is answered by our discussion in relation to defendant's first contention.

▆▆ Finally, defendant, relying on the case of *Thomassett* v. *Thomassett*, 122 Cal.App.2d 116, 133 [264 P.2d 626],[2] contends that the allegation in plaintiff's original complaint that there was an open book account and an account stated for $609.37 constitutes an admission "which is conclusive and binding on plaintiff." In *Thomassett* the complaint alleged that certain realty was community property. The defendant, in his verified answer, admitted that said property was community property, but eight months later amended his answer to deny that it was. The reviewing court held that the defendant's admission in the original answer stood as a

---

[2]This case was overruled on other grounds in *See* v. *See*, 64 Cal.2d 778, 785-786 [51 Cal.Rptr. 888, 415 P.2d 776].

declaration against interest. The holding in *Thomassett* appears to be contrary to the rule declared in the subsequent Supreme Court case of *Meyer* v. *State Board of Equalization*, 42 Cal.2d 376, 384 [267 P.2d 257], which holds that a superseded pleading in the same action is not admissible as direct evidence to establish a fact in issue, but where the party has testified in the action, the superseded pleading may be offered for the purpose of impeachment. (See *Cahill Bros., Inc.* v. *Clementina Co.*, 208 Cal.App.2d 367, 383 [25 Cal.Rptr. 301].) The rationale of *Meyer* is that "the use of superseded pleadings to such extent as to embarrass the amending party is in derogation of the policy of liberality in permitting amendments to pleadings." (Pp. 384-385.) *Meyer* does not cite or mention *Thomassett*, but disapproves or distinguishes several of the cases relied upon by *Thomassett*.[3]

Moreover, with respect to the instant case, we note that in addition to alleging that $609.37 was due to plaintiff upon a book account and an account stated, plaintiff also alleged that $1,650.22 in premiums was due to plaintiff as a result of insurance policies procured by plaintiff, and that there was an account stated for this amount. Accordingly, the original complaint alleged accounts stated aggregating $2,259.59 in separate causes of action, while the second amended complaint alleged an account stated in one cause of action for $2,259.59. Since the trial court did find an account stated for the sum of $2,259.59 and since plaintiff was allowed to go to trial on its second amended complaint, we find no merit to the contention that plaintiff was bound by the allegations of its original complaint.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

---

[3] See fn. 3, p. 384, in *Meyer* v. *State Board of Equalization, supra*.