[Civ. No. 24817.   Second Dist., Div. Two.   May 12, 1961.]

LYLE ROBERT KREBS, Appellant, v. TRAVELERS INDEMNITY COMPANY (a Corporation), Respondent.

Clyde A. Jones for Appellant.

Minsky, Garber & Rudof and Robert P. Dockeray for Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment entered against plaintiff when he failed to amend his first amended complaint after demurrer thereto was sustained.

Plaintiff sued defendant on a statutory surety bond issued by it to Dale H. Miller as principal. This bond was issued in conformity to the provisions of sections 11710[1] and 11711[2] of the Vehicle Code.

In his first amended complaint, plaintiff alleged that Miller, who was in the used car business in Long Beach, told him that he needed a financing agent; that plaintiff advanced certain sums to Miller in reliance upon a representation that "the entire transaction was bonded with the State of California with a $5000.00 bond." The complaint alleged that the original agreement was that plaintiff would serve as financing agent for Miller; floor the cars for Miller and retain the "pink slips" (certificates of ownership) on the cars until such time as they were sold. The first amended complaint further alleged that Miller requested that he be allowed to retain the pink slips himself because of plaintiff's frequent absences from Long Beach, and alleged that Miller was allowed to retain the pink slips after such request. It is further alleged that advances totalling $4,796 were made by plaintiff to Miller between March 31 and October 15 of 1958, and that thereafter plaintiff discovered that Miller had used the pink slips as security for obtaining additional financing, and that he was without funds to return the amounts advanced by plaintiff.

A reading of the provisions of section 11711 of the Vehicle

[1]Section 11710: "(a) Before any dealer's license shall be issued or renewed by the department to any applicant therefor, the said applicant shall procure and file with the department a good and sufficient bond in the amount of five thousand dollars ($5,000) with corporate surety thereon, duly licensed to do business within the State of California approved as to form by the Attorney General, and conditioned that *said applicant shall not practice any fraud, make any fraudulent representation which will cause a monetary loss to a purchaser, seller, financing agency, or governmental agency.*" (Emphasis added.)

[2]So far as here applicable, said section provides: "(a) If any person shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer or one of such dealer's salesmen acting for the dealer, in his behalf, or within the scope of the employment of such salesman; *provided, such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee,* . . . such person shall have a right of action against such dealer, . . . and the surety upon the dealer's bond in an amount not to exceed the value of the vehicle purchased from or sold to the dealer." (Emphasis added.)

*Assigned by Chairman of Judicial Council.

Code, *supra,* discloses that any person suffering loss or damage by reason of any fraud practiced on him, or fraudulent representation made to him by a licensed dealer shall have a right of action against the dealer, and against the surety upon the dealer's bond in an amount not to exceed the value of the vehicle purchased from or sold to the dealer ". . . provided, such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee, . . ." In order to have a cause of action upon the surety bond here, the plaintiff must come within the provisions of this section which, in turn, refers to section 11710 of the Vehicle Code.

A reading of section 11711 readily discloses that in order to recover for loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed bonded dealer, the plaintiff must have a writing furnished by the licensee containing stipulated provisions and guarantees which plaintiff believes have been violated by the licensee. Where, as here, a general demurrer is filed, and reference is made to Code of Civil Procedure, section 430, subdivision 6, the plaintiff is put on notice that he must amend his complaint to show that such guarantees were in writing in order to bring him within the purview of the code section. A plaintiff's failure to so amend is ground for dismissal upon defendant's motion. (Code Civ. Proc., § 581, subd. 3.)

Plaintiff's argument that the facts set forth in his first amended complaint state a cause of action for fraudulent misrepresentation may well be true, but such cause of action is one against Miller and not against the surety. Had plaintiff pleaded a written guarantee within the relevant code sections, the fraud and misrepresentations practiced upon him by Miller would give him a right to recover from the surety, but in the absence of such pleading, plaintiff cannot avail himself of the remedies afforded under said sections. Certainly the pleading here does not allege any fraud or misrepresentation on the part of defendant.

The rules of construction applicable to statutory surety bonds are set forth in *Bank of America* v. *Dowdy,* 186 Cal.App.2d 690, 692 [9 Cal.Rptr. 779], where it is pointed out that a surety on an official bond undertakes no liability for anything which is not within the letter of his contract.

The obligation is *strictissimi juris*; that is, he has consented to be bound only within the express terms of his con-

tract and his liability must be found within that contract or not at all. (See also *Heidt* v. *Minor,* 89 Cal. 115, 118 [26 P. 627].) ██ "Where a surety bond is given pursuant to the requirements of a particular statute, the statutory provisions are incorporated into the bond." (*Bank of America* v. *Dowdy, supra.*)

██ Here the surety bond was given pursuant to Vehicle Code, sections 11710 and 11711, *supra.* Those sections require persons bringing suit thereunder to have written guarantees. This statutory requirement is, of necessity, incorporated into the bond. We cannot agree with the plaintiff who contends, without citation of authority, that "[t]he demurrer should not have been sustained due to the fact alone there was no written form between the auto dealer and the plaintiff."

It is apparent that the section requires that he allege that the guarantees breached were in writing. Since the right to sue on the bond is statutory, all the requirements of the statute must be complied with.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.