[Civ. No. 19934. First Dist., Div.Two. Feb. 16, 1962.]

JOHN E. GOGGIN, Plaintiff and Appellant, v. RELIANCE INSURANCE COMPANY, Defendant and Respondent.

Molinari, Casalnuovo & Berger for Plaintiff and Appellant.

Sedgwick, Detert, Moran & Arnold for Defendant and Respondent.

KAUFMAN, P. J.—This is an appeal from a judgment of nonsuit entered against the plaintiff, John E. Goggin, in his action against the defendant, Reliance Insurance Company, on a bond issued by it to Louis Silvas as principal, in accordance with section 11711 of the Vehicle Code. The complaint alleged that plaintiff, a licensed automobile dealer in San Francisco, bought two vehicles from Silvas, a licensed automobile dealer in Palo Alto, for a total price of $4,490. As the bills of sale indicated that the vehicles were free from all liens and encumbrances, plaintiff resold the vehicles and guaranteed title to the purchasers. Thereafter, plaintiff learned from the Department of Motor Vehicles that both cars were in fact encumbered and was forced to pay a total of $3,781.41 to clear the titles.

Silvas confessed judgment as to the above amount without admitting any fraud in the transaction, and judgment against him was duly entered by stipulation. No appeal has been taken from that judgment. The only question on appeal is the propriety of the judgment of nonsuit in favor of the respondent insurance company under the circumstances of this case.

Appellant contends he established a prima facie case of respondent's liability under the statute.

The evidence adduced indicated that this action was based on two bills of sale signed by Silvas; one dated January 29, 1960, and relating to the 1959 Dodge; the other, dated February 12, 1960, relating to the 1958 Mercury. The entire transaction was handled by Angelo Pellegrini, the plaintiff's general manager, who paid by check for each vehicle. As the vehicles in question were a part of several similar contemporaneous transactions between the parties, plaintiff, on January 29, 1960, paid $8,500 for the Dodge and other vehicles, and on February 12, 1960, paid $3,425 for the Mercury and other vehicles. Certain payments made by Silvas to the plaintiff during this time also related to the vehicles not in issue here. Plaintiff received the 1959 Dodge and 1958 Mercury when the checks were delivered. When Pellegrini requested the pink certificates of ownership at the time of delivery, he was informed that Silvas was in the process of obtaining them.

Pellegrini testified that both of the bills of sale were signed later than the date shown, and were executed in blank by him, including the portion relating to encumbrances. Pellegrini stated that it was an industry custom to sign bills of sale in blank so that the dealer could acquire the bill of sale at the earliest possible moment to establish documentary proof of ownership with the Department of Motor Vehicles and thus facilitate resale. Both bills of sale were presented by him to Silvas for signature after the dates shown and were signed sometime between February 18 and March 8, 1960, when plaintiff learned of the prior encumbrances.

Silvas, testifying under section 2055 of the Code of Civil Procedure, stated that he knew the vehicles were encumbered at the time of the sale, and that he had told the individual who picked up one of them that there was a "payoff" of $1,850; he further testified that his company had sent a check to take care of the amount due, but the check was not accepted because of a dispute as to the amount. On hearing the above evidence, the trial court granted respondent's motion for a nonsuit.

" 'The granting of a motion for nonsuit is warranted ". . . when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to

support a verdict in favor of the plaintiff." ' " (*San Francisco Hotel Co.* v. *Baior,* 189 Cal.App.2d 206, 208 [11 Cal. Rptr. 32], quoting from *Raber* v. *Tumin,* 36 Cal.2d 654, 656 [226 P.2d 574]). ▉ In considering a judgment of nonsuit, neither the trial court nor the appellate court may weigh the evidence or consider the credibility of witnesses. Rather, the plaintiff's evidence must be given full prima facie value.

▉ The plaintiff may rely on that portion of testimony given under section 2055 of the Code of Civil Procedure which is favorable to him and disregard the unfavorable portions.

▉ However, the evidence produced by plaintiff must support a logical inference in his favor, sufficient to raise more than a mere conjecture or surmise that a fact is as alleged in order to warrant submission of the question to a jury, and a court should not put itself in the incongruous position of destroying logic to hold a case in court (*Reynolds* v. *Natural Gas Equipment, Inc.,* 184 Cal.App.2d 724, 731 [7 Cal.Rptr. 879]). It is in the light of these principles and the applicable statute, that the evidence must be reviewed.

▉ The parties here stipulated that the bond was issued in accordance with section 11711 of the Vehicle Code[1] which provides, so far as relevant: "(a) *If any person shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer* or one of such dealer's salesmen acting for the dealer, in his behalf, or within the scope of the employment of such salesman; *provided, such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee,* or shall suffer any loss or damage by reason of the violation by such dealer or salesman of any of the provisions of Division 3 of this code, or is not paid for a vehicle sold to and purchased by a licensee, such person shall have a right of action against such dealer, his said salesman, and the surety upon the dealer's bond, in an amount not to exceed the value of the vehicle purchased from or sold to the dealer." [Emphasis supplied.]

In order to have a cause of action upon the surety bond here, the plaintiff must come within the provisions of this section, which, in turn, refers to section 11710 of the Vehicle Code. ▉ The rules of construction applicable to statu-

---

[1]This was the language of the statute on April 25, 1960, when the complaint was filed. The language added by the 1960 amendment is of no relevance to this case. (Stats. 1961, 1st Ex. Sess. 1960, ch. 35, § 1.)

tory surety bonds are set forth in *Bank of America* v. *Dowdy*, 186 Cal.App.2d 690 [9 Cal.Rptr. 779], where it is pointed out that a surety on an official bond undertakes no liability for anything which is not within the letter of his contract. The obligation is *strictissimi juris*; that is, he has consented to be bound only within the express terms of his contract and his liability must be found within that contract or not at all (*Krebs* v. *Travelers Indem. Co.*, 192 Cal.App.2d 83, 85-86 [13 Cal.Rptr. 352]; *Heidt* v. *Minor*, 89 Cal. 115, 118 [26 P. 627]). Where, as here, the surety bond is given pursuant to the requirements of a particular statute, the statutory provisions are incorporated into the bond (*Bank of America* v. *Dowdy, supra*).

 A reading of section 11711 readily discloses that in order to recover for loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed bonded dealer, the plaintiff must have a *writing furnished by the licensee* containing stipulated provisions and guarantees which plaintiff believes have been violated (*Krebs* v. *Travelers Indem. Co., supra*, p. 84). [The statute also provides that a plaintiff may recover for any loss or damage due to the licensee's violation of any of the provisions of division 3 of the Vehicle Code, but this provision was apparently ignored by the parties.] As indicated above, the undisputed evidence here established that the bills of sale including the word "none" in the blank regarding encumbrances, were completed by plaintiff's agent and then handed to Silvas for signature. Thus, the trial court on the motion for nonsuit must conclude here that the plaintiff did have a written instrument containing guarantees *furnished* by the defendant as required by the statute.

The question then is whether the evidence sufficiently established that the plaintiff suffered a loss because of "*any fraud*" or "*fraudulent practice*" of Silvas, so as to establish respondent's liability on its statutory bond. It is well established that to establish fraud, the evidence must be clear, satisfactory and convincing (*Wolfe* v. *Severns*, 109 Cal.App. 476 [293 P. 156]). Here, the fact of the encumbrances on both vehicles, Silvas' knowledge and the resulting damage to the plaintiff are admitted.

Thus, we need only consider whether there is evidence of sufficient substantiality as to a fraudulent representation by Silvas and the plaintiff's reliance thereon. The uncontroverted evidence established that bills of sale, including the

366

word "none" in the blank relating to encumbrances, were filled in by Pellegrini, and later signed by Silvas.

It is our view that on the motion for nonsuit, there was sufficient evidence to support a judgment in favor of the plaintiff.

Judgment of nonsuit reversed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied February 27, 1962, and the following opinion was then rendered:

THE COURT.—Respondent's contentions on petition for rehearing can well be addressed to the trial court on a hearing on the merits. We have merely determined that appellant produced sufficient evidence to defeat a motion for nonsuit. On the motion for nonsuit, there was sufficient before the trial court to indicate that the representations contained in the bills of sale were part of one transaction of sale. On a hearing on the merits, the trial court may or may not determine that the representation was part of the sale or that it was or was not relied on by the appellant.