[Civ. No. 6990. Fourth Dist. Aug. 28, 1963.]

B. L. ROBINSON, Plaintiff and Respondent, v. TRAVELERS INDEMNITY COMPANY, Defendant and Appellant.

618

Luce, Forward, Hamilton & Scripps, Marshall L. Foreman, Jr., and Henry F. Walker for Defendant and Appellant.

Smith & Swirsky and T. Bruce Smith for Plaintiff and Respondent.

GRIFFIN, P. J.— Plaintiff-respondent, B. L. Robinson brought this action against defendant Edward J. Fackler, doing business as El Cajon Trailer Sales and for money due on a contract against defendant and appellant Travelers Indemnity Company on a bond required under Vehicle Code sections 204 and 205, now sections 11710 and 11711. Said sections provide generally that before any dealer's license shall be issued, the said applicant shall procure and file with the department a good and sufficient bond in the amount of $5,000, and conditioned that said applicant shall not practice any fraud, make any fraudulent representations which will cause a monetary loss to a purchaser, seller, financing agency, or governmental agency, and that if any person shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer

or one of such dealer's salesmen acting for the dealer, in his behalf, or within the scope of the employment of such salesman; provided, such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensees, or shall suffer any loss or damage by reason of the violation of such dealer or salesman of any of the provisions of division 3 or 6 of this code, such person shall have a right of action against such dealer, his said salesman, and the surety upon the dealer's bond, in an amount not to exceed the value of the vehicle purchased from or sold to the dealer.

The evidence shows that on May 28, 1959, Palace Corporation, the manufacturer of a house trailer, issued an invoice for the delivery of a trailer to the plaintiff. This invoice which is labeled "Dealer's Duplicate," contains these provisions: "Sold to B.L. Robinson Mobile Homes"—"Terms Net Cash"—at a dealer's price of $4,337.72—delivery at Blythe, California. "Title to the above merchandise remains vested in the name of the Palace Corporation until payment has been realized in full."

On August 18, 1959, Fackler executed a written order for the purchase of the trailer under certain conditions which were made a part of the order. At the head of the order appear the words, "Dealer Palace Corporation, General Offices." Fackler's signature appears at the foot, and also at the foot is printed: "Accepted: (seller) B.L. Robinson." On the face of this accepted offer appear the words: "Cash 10 days $5,020.05." Among the terms and conditions is one that title to the trailer and right to possession shall remain in the "dealer, hereinafter referred to as seller" until the entire purchase price is fully paid in cash. It contains a provision for payment of attorney's fees and a provision that "this order cannot be assigned by" purchaser without the written consent of seller. The trailer was physically delivered to Fackler by Robinson and Fackler then executed a "dealer report of sale and application for registration of new vehicle" covering the trailer, under former section 143 of the Vehicle Code as it then existed (now § 4150). This certificate executed by Fackler showed a sale of the trailer to Mr. and Mrs. Skidmore, and showed the legal owner to be the Bank of America. Fackler did not then recompense the plaintiff for the purchase price of the trailer. This, in essence, is the fraud complained of in plaintiff's complaint on the surety bond.

It was agreed that the plaintiff was a distributor as well as a dealer for the manufacturer, Palace Mobile Homes, and that the plaintiff was engaged in distributing home trailers to licensed trailer dealers who purchased the same from plaintiff for resale purposes; that defendant Fackler was such a duly licensed dealer, and that the statutory bond was furnished by the Travelers Indemnity Company and was in effect.

Plaintiff's position with regard to Palace Corporation was that he received payment from the purchasers of the trailers and forwarded the payment to the Palace Corporation, which in turn remitted to the plaintiff the amount of his commission. There is some little controversy as to whether the plaintiff sold as an agent or whether he took title in his own name and sold as a wholesaler or independent contractor. The trial court specifically found:

". . . that the plaintiff is the agent and distributor for Palace Corporation and by reason of trade practice and business custom as well as by the 'notice of distributorship' filed with the Department of Motor Vehicles, that he is authorized to collect in his own name, individually, any funds that are due and owing to his principal, Palace Corporation, for and on account of any trailers sold by plaintiff by reason of his distributorship; that plaintiff has not paid anything to Palace Corporation for and on account of the sale of the trailer to the defendant, Ed Fackler, although Palace Corporation has made demand upon the plaintiff to remit to them the funds that are due for and on account of such sale, and that when such funds are remitted to the Palace Corporation, that Palace Corporation will by terms of their contract with the plaintiff be obliged to pay to him the commission that is due to him, as distributor, for the sale of said trailer; . . ."

Plaintiff produced a letter in evidence from Palace Corporation to him confirming its authorization to him to distribute such mobile homes for the entire State of California. It also stated, "You will be both distributor and dealer for California, *selling* to other dealers as well as retailing" (italics ours); that Fackler, in obtaining the certificate of ownership, made false statements; and that he signed a report of sale to the Skidmores under Vehicle Code section 143 in August 1959 showing the legal owner to be the Bank of America, El Cajon Branch. It recites:

". . . under penalty of perjury that proper authorization to sell this particular make of new vehicle is on file with the Department in its Headquarters in Sacramento, that every

statement made in the application is true, and that to the best of my knowledge and belief the vehicle herein described complies with every provision of the vehicle code.''

Fackler sold the trailer for $6,000 of which sum $3,500 was borrowed by the Skidmores from the Bank of America and those funds were paid directly to Fackler. Fackler apparently disappeared after he had been served in the present action and a default judgment was taken against him. No appeal was taken by him. The court then found:

''. . . that the actions and conduct of the defendant Ed Fackler in selling the subject's trailer to the Skidmores and receiving all proceeds therefrom when said trailer did not belong to him, constituted a fraud upon the plaintiff; and that by reason thereof, the plaintiff has suffered loss and damage in the amount of the value of said trailer, to wit: $4,337.72, plus freight charges of $682.33; or a total of $5,020.05.

''. . . that the plaintiff has possession of a written instrument which was furnished by defendant Ed Fackler, which written instrument is in a form of an offer to purchase made by defendant Ed Fackler, which written instrument sets forth certain terms and conditions which have been violated by defendant Ed Fackler; and further finds that a fraud has been practiced on the seller under it; . . . that plaintiff is a person entitled to sue, and beneficiary of, the statutory provisions and the provisions of the statutory bond furnished and posted by the defendant Travelers Indemnity Company, and that said defendant is liable to plaintiff in the amount of such bond, i.e., $5,000.00.''

Judgment was entered accordingly. Travelers Indemnity Company appeals and now contends that the plaintiff Robinson was an agent and not the owner of the trailer and therefore is not a party entitled to sue defendant surety on the bond under the facts of this case; that a statutory surety bond imposes no obligation on the surety except those within the express terms of the contract, and the statute was incorporated into the bond by operation of law; that the statute entitles only those who suffer loss or damage to bring the suit and that no writing was furnished by the licensee Fackler within the meaning of Vehicle Code, section 205 (now § 11711); that Robinson was not defrauded and that no fraudulent misrepresentation was made to him by Fackler; that the fraud, if any, was practiced on the Palace Corporation and not upon Robinson, and that the plaintiff failed to establish that he suffered any loss or damage. This argument apparently is

centered on a contention that the trailer belonged to the Palace Corporation. (Citing such authorities as *Krebs* v. *Travelers Indem. Co.*, 192 Cal.App.2d 83 [13 Cal.Rptr. 352] ; 32 Ops. Cal. Atty. Gen. 206; *Preston* v. *Knapp*, 85 Cal. 559 [24 P. 811].)

Appellant recognizes that the case of *Goggin* v. *Reliance Ins. Co.*, 200 Cal.App.2d 361 [19 Cal.Rptr. 446], contains contrary implications. It argues that the decision, while persuasive, is not binding on this court.

Counsel has not elected to file a brief on behalf of respondent but has left the research of these questions to this court.

The trial court, in a memorandum opinion, has given the basis for its decision. It stated that: ''Plaintiff, in the sale of trailers manufactured by Palace Corporation, received payment from the purchasers of such trailers and then forwarded such payment to the Palace Corporation, which in turn remitted to the plaintiff the amount of his commission; that plaintiff sold to Fackler other trailers manufactured by Palace Corporation, for which he had been paid. A letter from Palace Corporation to the plaintiff dated February 23, 1959 (Plaintiff's Exhibit 5) designated him as both distributor and dealer, 'selling to other dealers as well as retailing'; . . .''

It believed that section 205 of the Vehicle Code does not require a cause of action for *fraud* to exist against a licensed dealer, but rather it means, in the language of the statute itself, ''If any person shall suffer any loss or damage by reason of any fraud practiced on him'' by a licensed dealer, a cause of action arises on the bond if the other condition of the statute exists and that such a fraud was practiced on the plaintiff and he did suffer damage thereby. Furthermore, the plaintiff has possession of a written instrument furnished by the licensee, Fackler, in the form of an offer to purchase by Fackler on certain conditions. One of these conditions which has been violated, is that title shall remain in seller until payment is made in full. Plaintiff has been damaged by this violation.

It is pointed out that Fackler therein agreed to pay the purchase price to the ''seller.'' Plaintiff signed as seller in the sales contract although Palace Corporation was indicated as the ''dealer,'' and Fackler signed as purchaser. In prior and similar sales of house trailers to Fackler, Fackler paid the money directly to Robinson. ▮ Ordinarily an agent who makes a contract on behalf of a principal cannot maintain an

action thereon in his own name on behalf of the principal although authorized by the principal to bring suit, unless the agent is a promisee or transferee. (Rest., Agency, § 363.)

In *McIntyre* v. *Hicks*, 100 Cal.App. 531 [280 P. 543], it was held that an agent who is liable to his principal for the price of the thing sold may institute in his own name an action for the purchase price.

The evidence shows that Palace Corporation on May 28, 1959, several months prior to this sale, issued an invoice of sale to plaintiff Robinson for the delivery of the trailer to plaintiff which invoice is labeled "Dealer's Duplicate" and contains the provision that the "title to the above merchandise remains vested in the name of Palace Corporation until payment has been realized in full." Apparently plaintiff had some form of interest in said house trailer although the legal title had not passed. There is sufficient showing that Fackler agreed to pay the purchase price to Robinson either as seller or as agent for the dealer and that Robinson had sufficient interest in the house trailer authorizing him to sue on the bond. Restatement of Agency, section 364, comment d, recites:

"*Where performance is to be made to agent.* It may be inferred, from business customs, that the other party to a contract has agreed with the agent to pay the purchase price to the agent himself, and not to the principal in person or to any other agent of the principal. Such customs exist in the case of purchases from factors and auctioneers. In such cases the agent can properly maintain an action in his own name."

*Goggin* v. *Reliance Ins. Co., supra,* 200 Cal.App.2d 361, supports the trial court's findings in respect to the issues here raised.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.